Judge Underwoov,
delivered the opinion of the court.
Piercy brought an action of covenant on an obligation for the paymentof “$100, on'or before the 1st of November, 1823, to be paid in money, receivable in the United States land office.” Sinclair filed a plea to the jurisdiction of the circuit court, alleging that he had reduced the amount of the demand, by a payment which had been endorsed as a credit on the obligation, to ‡50. Piercy demursd to the plea, and the court gave judgment in his favor. The correctness of this decision is the only question. If the obligation be one, on which an action of debt could be maintained than as the sum was reduced to $50, a justice of the peace would, under the act of 1813, have exclusive original jurisdiction of the amount. Will any thing but gold and silver coin discharge the obligation? In other words, is .there any kind of property but money in its strict legal meaning, which would be a good tender on the day the obligation became due?
bn McChord vs. Ford, &c. III Mon. 167, this court decided, that an obligation for the payment of ucurrent money of Kentucky,” was a covenant to pay gold or silver, although “currency of Kentucky,” would mean the *64 circulating medium of the state, at the date of the Instrument, in which the expression is used; no matter iHi.ch medium be bank notes or the lawful coin of the United States. In Chambers vs. George, V Litt. 335, the court said, that “bank paper is not money.''’ In Jones, &c. vs. Overstreet, IV Mon. 547, bank notes collected by a sheriff, were so far regarded as money, as to permit and sustain a motion against him for their recovery upon his failure to pay over. This case contains a citation of authorities, showing that bank notes are often treated as money in courts of jutice. The result from an examination of all the cases is, that money in its strict legal sense, means gold or silver coin, and that an obligation for money alone cannot be satisfied with an7 tiling else. But, that bank notes are treated as money for many purposes, and are often so regarded in law, is very clear. They pass by delivery as money. jf stolen and paid away by the thief, the person loosing cannot recover them from the bona fide holder.
If banknotes ^aid'awa^b1 the thiefi5, ^ they cannot b® the°looser from a bona Jlde holder of them.
Sonforthfa" payment of «one hundred paidin money veoeivablc in tíre United Office^” debt will not lie.
^iere enough apparent upon the face of the obliga, tion, to show that the term money was not used in its strict legal sense ? We think there is, when the charter hie United States is considered. The 14th section of the act incorporating the subscribers to the bank of the United States declares, “that the bills or n°tes the said corporation originally made payable, or which shall have become payable, on demand, shall be receivable in all payments to the United States unless otherwise directed by act of Congress.” The notes of this corporation, circulate as money, and by .the charter are receivable as money in payments to the United States, and consequently are receivable in the land offices. The expression, therefore, used in the obligation, means, and includes that description of medium, circulating as money, which the law makes receivable in the land office. A covenant to pay such money as receivable in payment of taxes in Kentucky would, for the same reason, embrace notes on the bank of the commonwealth.
The conclusion from this reasoning, is, that the oliligation sued on, was payable in such bank notes as were receivable by law as money in the United States land offices. Wherefore, the action of covenant was the proper remedy, and the court did not err in its decision. *65 It is not necessary, now to decide, whether the obliga'tion declared on would embrace any thing but gold or silver coin, if the act of Congress cited, had not been passed. How far such a contract might be influenced by the private regulations of the receivers at the land offices, in regard to the reception of bank notes, we shall leave until a case occurs.
John Trimble, for plaintiff.
The judgment is affirmed with costs»